THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | Case No. 3:17-cr-83 |
| v. | : | |
| CAMERON A. WALKER, | | Judge Walter H. Rice |
| Defendant. | : | |

DECISION AND ENTRY OVERRULING MOTION (DOC. #56) AND EMERGENCY MOTION (DOC. #60) TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) OF DEFENDANT CAMERON A. WALKER

Before the Court are the Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion," Doc. #56) and Emergency Motion for Temporary Release/Funeral Leave ("Emergency Motion," Doc. #60) of Defendant Cameron A. Walker. For the reasons set forth below, the Motion is OVERRULED and the Emergency Motion is OVERRULED AS MOOT.

I. **Factual Background and Procedural History**

On February 14, 2020, Defendant was sentenced to 168 months imprisonment after being convicted on one count of Distribution of a Mixture or Substance Containing a Detectable Amount of Fentanyl. (Judgment, Doc. #53, PAGEID 401-02, citing 21 U.S.C. § 841(a)(1), (b)(1)(C); Information, Doc. #2).

Defendant is twenty-nine years old with a present release date of January 3, 2029.[1]

On July 22, 2021, Defendant filed the Motion, asserting that he had submitted a request for compassionate release with the warden at Federal Correctional Institution ("FCI")-Jesup, who denied the request. (Doc. #56, PAGEID 416, citing 18 U.S.C. § 3582(c)(1)(A)). He argues that living with tuberculosis places him at heightened risk of developing severe COVID-19, and that heightened risk is an extraordinary and compelling reason supporting release. (*Id.* at PAGEID 417). He also claims that his postconviction behavior means that his risk of recidivism is low, and thus, the 18 U.S.C. § 3553(a) factors weigh in favor of release. (*Id.* at PAGEID 417-18).

In its memorandum *contra*[2], Plaintiff United States of America ("Government") notes that Defendant's request read, in its entirety, "request for compassionate release[,]" (Memo. in Opp., Doc. #59, PAGEID 424, quoting Request, Doc. #59-1, PAGEID 436), and the warden denied the request because Defendant had "not provide[d] any clarification on how [he] would like to be considered for" compassionate release. (*Id.*, quoting Response, Doc. #59-2, PAGEID 437). The Government argues that the Motion should be denied for failure to exhaust, as Defendant's "request was not sufficient to allow the warden to

---

[1] https://www.bop.gov/inmateloc/ (last accessed Aug. 26, 2024).

[2] The Government filed the memorandum under seal because it attached Defendant's vaccination record. The memorandum proper does not contain any sensitive or proprietary information.

2

make an informed decision under that statute." (*Id.*). The Government argues that the Motion "should thus be dismissed, without prejudice to the defendant filing a later motion with this Court demonstrating satisfaction of the statutory exhaustion requirement." (*Id.* at PAGEID 429).

The Government also notes that Defendant was offered the COVID-19 vaccine in March 2021, but declined. (Doc. #59, PAGEID 424, citing Vaccine Refusal, Doc. #59-7, PAGEID 593). Consequently, "any resulting risks to him are in part self-generated, and cannot be viewed as 'extraordinary and compelling.'" (*Id.* at PAGEID 433, citing *United States v. McBride*, No. 5:19-cr-7, 2021 WL 354129, *3 (W.D.N.C. Feb. 2, 2021). Finally, the Government argues that the seriousness of the offense—distributing fentanyl that led to three overdoses, one fatal—and having served less than half his initial sentence (at the time the memorandum was filed) mean that the 18 U.S.C. § 3553(a) factors weigh against release. (*Id.* at PAGEID 433-34, citing 18 U.S.C. § 3553(a)(2); *United States v. Ruffin*, 978 F.3d 1000, 1008-09 (6th Cir. 2021)).

Plaintiff did not file a reply, but instead filed an Emergency Motion on January 18, 2022, asking to be released to attend his father's funeral the next day. (Doc. #60, PAGEID 594).

The matter is now ripe for decision.

## II. Legal Standards

A district court may, in certain limited circumstances, grant "compassionate release" and modify a term of imprisonment after it has been imposed:

3

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), (1) after considering the factors set forth in section 3553(a) to the extent that they are applicable, (2) if it finds that extraordinary and compelling reasons warrant such a reduction . . .(3) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. [3]

18 U.S.C. § 3582(c)(1)(A)(i) (numeration added). Defendants seeking compassionate release may file a motion with the district court only after they submit a request to his or her warden to move for compassionate relief on their behalf and either (a) the warden denies the request, or (b) the warden does not respond within thirty days from the submission of the request. *Id.* Failure to comply with the exhaustion strictures set forth in the statute deprive a court of authority to entertain the petition. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (internal quotation marks and citation omitted) (First Step Act's exhaustion requirement is, in essence, a "mandatory claim-processing rule[]" that, when properly invoked, courts must enforce by dismissing the motion).

If the district court adjudges that a defendant has not met one of the elements, then it may overrule a motion for compassionate release without discussing any of the other elements. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Further, relief under the statute is wholly discretionary; even if a

---

[3] The United States Court of Appeals for the Sixth Circuit has held that the Guidelines Section 1B1.13 is not an applicable policy statement with respect to motions for compassionate release filed by prisoner defendants. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Nonetheless, the Court may look to Section 1B1.13 for guidance as to what constitutes an "extraordinary and compelling reason[.]" *Id.* at 519-20.

4

defendant meets all three elements of the statute, the Court may, but need not, order compassionate release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

## III. Analysis

As the Government correctly notes, a defendant first requesting compassionate release from the warden is not a meaningless procedural obstacle; rather, "[i]t ensures that the prison administrators can prioritize the most urgent claims. And it ensures that they can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." (Doc. #59, PAGEID 424, quoting *Alam*, 960 F.3d at 835). Defendant's perfunctory "request for compassionate release"—without supporting reasoning or documentation—did not allow the warden to ascertain whether Defendant's claim was urgent. Thus, Defendant's request did not satisfy the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). As the Government properly invoked the claim-processing rule of exhaustion, *Alam*, 960 F.3d at 834, the Motion must be overruled.

Moreover, Defendant has failed to set forth an extraordinary and compelling reason justifying release. Defendant was offered the COVID-19 vaccine on March 23, 2021, but refused. (Doc. #59-7, PAGEID 593). While Defendant's tuberculosis and consequent susceptibility to severe COVID-19 may have constituted an extraordinary and compelling reason prior to the widespread availability of vaccines, it is no longer. "To that end, we agree with the Seventh

5

Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021), citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). *Lemons* remains good law in this Circuit, and thus, Defendant's preexisting health conditions cannot be an extraordinary and compelling reason. Defendant's Motion fails for that reason alone. *Elias*, 984 F.3d at 519.

Defendant's Motion would also fail even if an extraordinary and compelling reason for release existed. Defendant concedes that his "case is serious and involves fentanyl." (Doc. #56, PAGEID 417). "We cannot overstate the harm that fentanyl has wrought on this state." *State v. Daniels*, 8th Dist. Cuyahoga No. 108299, 2020-Ohio-1496, ¶ 35 (Apr. 16, 2020). By his own admission, Defendant's actions were particularly dangerous to public safety—the fentanyl he sold caused three people to overdose, one fatally. (Doc. #59, PAGEID 433).[4]

In light of the above, a reduction of Defendant's sentence to time served and release from confinement would not serve "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). As Defendant has failed to satisfy the 18 U.S.C. § 3553(a) factors, his Motion must be overruled for that reason as well.

---

[4] Defendant and the Government stipulated to the above in the Statement of Facts in his Plea Agreement (Doc. #7), which was filed under seal.

6

Finally, the funeral for Defendant's father took place on or about January 19, 2022. (Doc. #60, PAGEID 594). As the Defendant was in the custody of the Bureau of Prisons ("Bureau") at the time of the funeral and the Emergency Motion, it was the province of the Bureau, and not this Court, to determine whether Defendant could be released to attend the funeral. Moreover, as the Court can no longer provide the relief requested by Defendant, the Emergency Motion is overruled as moot.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion for Compassionate Release (Doc. #56) is OVERRULED and the Emergency Motion (Doc. #60) is OVERRULED AS MOOT.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

August 28, 2024

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT